**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>PharmaStrategies, LLC<br><br>Debtor. | Case No. 22-14405 MER<br><br>Chapter 11 |
| PharmaStrategies, LLC<br><br>Plaintiff,<br><br>v.<br><br>WellDyneRX, LLC<br><br>Defendant. | Adversary No. 23-01041 MER |

## ORDER DENYING MOTION TO OPEN DISCOVERY

THIS MATTER comes before the Court on the Motion to Open Discovery Solely to Schedule the Depositions of OptumRx, LLC's Representatives ("**Motion**") filed by Defendant WellDyneRX, LLC ("**WellDyne**"), Plaintiff PharmaStrategies, LLC's ("**Pharma**") objection thereto, and WellDyne's reply.[1]

## BACKGROUND

Pharma filed the instant adversary proceeding on February 10, 2023. The Court entered its Order Regarding Discovery ("**Discovery Schedule**") on May 10, 2023. Per the Discovery Schedule, fact discovery was to be completed by September 14, 2023. However, the Court amended the Discovery Schedule several times over the three and a half years this case has been pending to extend the discovery deadlines at the parties' requests. WellDyne's most recent request for an extension of the discovery deadline came on February 11, 2026, in which it asked to extend the deadline to schedule the depositions of experts and the corporate representatives of each party ("**February Motion for Extension**").[2] The Court granted that motion and gave the parties until March 13, 2026, to complete the requested depositions. WellDyne filed the instant Motion more than four months later on July 29, 2026. In the Motion, WellDyne asserts that on January 20, 2026, Pharma served its Fourth Supplemental Disclosure, which identified three previously non-disclosed representatives of non-party OptumRx, LLC ("**Optum Representatives**"). WellDyne asserts the Optum Representatives were

[1] ECF Nos. 199, 204, & 206.

[2] ECF No. 182.

disclosed after fact discovery closed and, therefore, WellDyne could not depose them. Accordingly, WellDyne requests that discovery be reopened solely to allow WellDyne to depose the Optum Representatives. Pharma objects to the Motion.

## ANLAYSIS

### A. Applicable Standard

Discovery schedules are governed by Fed. R. Civ. P. 16(b) (incorporated by Fed. R. Bankr. P. 7016). Pursuant to Rule 16(b)(4), a schedule may be modified only for good cause and with the judge's consent.[3] Courts in the Tenth Circuit have generally held that the "good cause" standard primarily considers the diligence of the party.[4] "The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines."[5] When deciding whether to reopen discovery, courts generally consider the following factors, including

> (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence.[6]

When weighing these factors, a court must balance the liberal discovery rules and judicial economy.[7]

### B. The Court Will Not Reopen Discovery

WellDyne argues the Court should reopen discovery to permit the depositions of the Optum Representatives because they were not disclosed until January 20, 2026, after the discovery deadline had passed. WellDyne also asserts the *Smith* factors weigh in favor of reopening discovery. Pharma does not agree. Instead, Pharma argues nothing prevented WellDyne from deposing the Optum Representatives prior to the March 13, 2026, deadline. Pharma further contends WellDyne did not communicate its desire to depose the Optum Representatives before filing the instant Motion, nor has it explained why it failed to attempt to depose the representatives in the fifty-two days

---

[3] Fed. R. Civ. P. 16(b)(4); *In re FBI Wind Down, Inc.*, 581 B.R. 387, 416 (Bankr. D. Del. 2018). Any use of the term "Rule" hereafter means the Federal Rules of Civil Procedure unless expressly stated otherwise.

[4] *Mann v. Fernandez*, 615 F.Supp.2d 1277, 1285 (D.N.M. 2009).

[5] *Id.*

[6] *Smith v. U.S.*, 834 F.2d 166, 169 (10th Cir. 1987) (citing *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1213 (3d. Cir. 1984); *Wilk v. American Medical Association*, 719 F.2d 207, 232 (7th Cir. 1983); *Geremia v. First National Bank of Boston*, 653 F.2d 1, 5-6 (1st Cir. 1981)).

[7] *Payless Shoesource Worldwide, Inc. v. Target Corp.*, 2007 WL 2013574, at *7 (D. Kan. July 10, 2007) (quoting *Talkin v. Deluxe Corp.*, 2006 WL 2588143, at *4 (D. Kan. Sept. 8, 2006)).

between their disclosure and the discovery deadline.

The Court agrees with Pharma that WellDyne has not sufficiently explained its failure to depose the Optum Representatives prior to the discovery deadline. WellDyne offers several explanations for why it didn't attempt to depose the Optum Representatives. Indeed, WellDyne argues it didn't know about the Optum Representatives until the January 20, 2026, disclosures because it was not included in earlier conversations between Pharma and Optum. WellDyne also asserts the prior discovery extensions were narrowly tailored and would not have allotted for the depositions of the Optum Representatives. WellDyne further contends it attempted to discuss the matter with Optum, but Optum declined. The Court is not persuaded by any of these explanations. While WellDyne might have been excluded from conversations between Pharma and Optum, this doesn't change the fact it knew about the Optum Representatives on January 20, 2026. WellDyne filed the February Motion for Extension only a few days after disclosing the Optum Representatives. The February Motion for Extension requested an extension of the discovery deadline so the parties could depose certain witnesses. WellDyne could have included the Optum Representatives among those witnesses but failed to do so. If WellDyne had difficulty getting Optum to schedule depositions, it should have raised the issue with the Court shortly after it occurred, not six months after the Optum Representatives were disclosed. Given that none of these explanations is sufficient to explain WellDyne's failure to depose the Optum Representatives before the discovery deadline, the Court concludes WellDyne was not diligent in its attempts to depose the representatives and will not permit it to do so now.

Furthermore, most of the *Smith* factors weigh in favor of denying WellDyne's request. Pharma opposes the request, and while no trial date is set, this proceeding is ready for trial.[8] In fact, the Court intended to set a trial date at the trial scheduling conference on August 5, 2026, but could not because the instant Motion was pending. The Court already found WellDyne was not diligent in scheduling the depositions, and Pharma would be prejudiced if the Court continued to push off trial because of WellDyne's lack of diligence. While the Optum Representatives may not have been foreseeable because WellDyne was excluded from earlier conversations, this does not change the fact that WellDyne had approximately two months before the discovery deadline to schedule the depositions and/or request an additional extension of time. Finally, while deposing the Optum Representatives may lead to the discovery of relevant evidence, this does not change the fact that the other five factors weigh against reopening discovery. Given a majority of the *Smith* factors weigh against reopening discovery, the Court denies WellDyne's request.

## CONCLUSION

Given the above, the Court

ORDERS the Motion is DENIED. The Court

[8] The August 5, 2026, trial scheduling conference was continued to September 17, 2026. As of the date of this Order, the Court intends to set a trial date during the September 17th scheduling conference.

FURTHER ORDERS a telephonic trial scheduling conference will take place at **1:30 p.m. on September 17, 2026**. All information regarding telephonic appearances can be found on the Court's website at https://www.cob.uscourts.gov/content/judge-michael-e-romero-mer.

Dated September 9, 2026

BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court